**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Jackie F. Yates

v. Case No. 26-cv-297-JL-AJ

Fidelity National Finance
Title and Escrow Insurance

**REPORT AND RECOMMENDATION**

Self-represented plaintiff, Ms. Yates, moves for a preliminary injunction to enjoin Saint Mary's Bank, a non-party, from initiating or further engaging in foreclosure proceedings related to property located at 39 Ripley Lane in Milton, New Hampshire. Doc. No. 16.[1] Ms. Yates also moves to add Saint Mary's Bank as a necessary party pursuant to Federal Rule of Civil Procedure 19 on an emergency basis. Doc. No. 17. The district judge should deny both motions.

Ms. Yates's claims in this action relate to alleged negligence by her title insurance company for its failure to discover and disclose easements on her property. See Doc. Nos. 1 (Compl.); 3 (First Addendum); 4 (Prelim. Review); 5 (Second Addendum); 7 (Service Order). Federal Rule of Civil Procedure 19(a)(1)(A) requires the joinder of a party who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction if "in that person's absence, the

[1] To the extent Ms. Yates's motion sought a temporary restraining order, Judge Laplante denied that relief. See Endorsed Order, Sept. 4, 2026 (denying temporary relief and referring the motion to the undersigned magistrate judge).

court cannot accord complete relief among existing parties[.]"[2]

Ms. Yates has not demonstrated why Saint Mary's Bank must be joined for the court to accord complete relief among the existing parties. Rather, because Ms. Yates seeks monetary relief for the defendant title insurer's alleged negligence, the outcome of St. Mary's Bank's foreclosure proceedings is immaterial to the claims in this action. See Doc. No. 1 at 4-5 (requesting $600,000 in monetary damages). In other words, the court could grant complete relief in this action regardless of the resolution of St. Mary's Bank's attempted foreclosure. Ms. Yates does not sufficiently relate her claims of negligent failure to discover easements on her property with the impending foreclosure. See J&J Sports Productions Inc. v. Cela, 139 F. Supp. 3d 495, 504 (D. Mass. 2015) ("That an existing party may pursue or be subject to further litigation against other absent parties has no effect on the analysis under Rule 19(a)(1)(A).") (citing Bacardi Int'l Ltd. v. V. Suarez & Co., 719 F.3d 1, 12 (1st Cir. 2013)). Accordingly, Saint Mary's Bank need not be joined as a necessary party. This determination, however, does not preclude Ms. Yates from pursuing her claims against St. Mary's Bank through other means.

Because Saint Mary's Bank is not a party to this action, the court cannot enjoin it. See Additive Controls & Measurement

[2] Ms. Yates relies only on this portion of the Rule.

Sys., Inc. v. Flowdata, Inc., 154 F.3d 1345, 1351 (Fed. Cir. 1998) ("As a general matter, a court may not enjoin a non-party that has not appeared before it to have its rights legally adjudicated." (citing Chase Nat. Bank v. City of Norwalk, 291 U.S. 431, 436-37 (1934))); Norgaard v. United States, No. CV 16-12107-FDS, 2016 WL 6562043, at *2 (D. Mass. Nov. 3, 2016) ("Except in limited circumstances not relevant here, a court may not order injunctive relief as to non-parties to an action."). The district judge should deny Ms. Yates's motion for a preliminary injunction on that basis.

The district judge should deny both motions (Doc. Nos. 16, 17). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). Failure to file an objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in written objections to this Report and Recommendation "are subject to review in the district court," and any issues "not preserved by such objection are precluded on appeal." Id. (citations omitted).

Andrea K. Johnstone
United States Magistrate Judge

September 10, 2026

cc: Jackie F. Yates, pro se
Giles L. Krill, Esq.