**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Jackie F. Yates

v. Case No. 26-cv-297-JL-AJ

Fidelity National Finance Title
and Escrow Insurance

## REPORT AND RECOMMENDATION

Self-represented plaintiff, Jackie F. Yates, brings this action against defendants, Fidelity National Finance Title and Escrow Insurance ("Fidelity"),[1] Liberty Title & Escrow Company LLC, and St. Mary's Bank, for alleged fraudulent inducement and related conspiracy concerning Ms. Yates's purchase of real property. Doc. No. 21 (Am. Compl.); see also Doc. No. 1 (Compl.); 3 (First Compl. Addendum); 5 (Second Compl. Addendum). Fidelity moved to dismiss Ms. Yates's original complaint for failure to state a claim. Doc. No. 11 (Mot. to Dismiss); 12 (Memo. in Support of Mot. to Dismiss). Ms. Yates objected, Doc. No. 15, and amended her complaint. Fidelity moved to dismiss Ms. Yates's amended complaint. Doc. No. 26. The motions to dismiss are before the undersigned magistrate judge for a report and recommendation. For the following reasons, the district judge should grant the motions, dismiss Fidelity, and allow Ms. Yates leave to amend to add the proper title insurer defendant.

[1] Fidelity National Financial, Inc. has appeared on behalf of Fidelity, explaining that "Fidelity National Finance Title and Escrow Insurance" does not exist.

## Standard of Review

When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all well-pleaded facts set out in the complaint and indulge all reasonable inferences in favor of the pleader." Manzo v. Wohlstadter, 171 F.4th 112, 114 (1st Cir. 2026). Although the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), it must allege each of the essential elements of a viable cause of action and "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal punctuation omitted).

Because Ms. Yates is proceeding pro se, the court construes her amended complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" (internal citations omitted)). Pro se status, however, "does not insulate a party from complying with procedural and substantive law. Even under a liberal construction, the complaint must adequately allege the elements of a claim with the requisite supporting facts." Chiras v. Assoc'd Credit Servs., Inc., No. 12-10871-TSH, 2012 WL 3025093, at *1 n.1 (D. Mass. July 23, 2012) (quoting Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) (internal citation and quotation marks omitted)).

## Background

The court derives the following facts relevant to the pending motions from Ms. Yates's amended complaint and previously filed complaint addenda.

Ms. Yates owns property located at 39 Ripley Lane in Milton, New Hampshire (the "subject property"). Doc. No. 21 at 1. She purchased the subject property on November 17, 2023. Doc. No. 5 at 7–8 (Warranty Deed). The same day, Ms. Yates was issued a title insurance policy from Chicago Title Insurance Company ("Chicago Title"). See id. at 9–18. Signature Escrow & Title was the policy issuing agent. Id. at 12. Ms. Yates alleges that she was unaware of the existence of the title insurance policy, as well as a homeowner's insurance policy, both of which she asserts were obtained on her behalf without her knowledge. Doc. No. 21 ¶¶ 11–12.

After her purchase of the subject property, Ms. Yates discovered defects, easements, and encroachments. Id. ¶ 12. In late 2024, owners of property adjacent to the subject property sued Ms. Yates seeking a prescriptive easement over the subject property. Doc. No. 5 at 51 (Chicago Title Denial Letter). Ms. Yates requested a copy of her title insurance policy which Signature Escrow & Title provided to her and informed her that she could call the Chicago Title Insurance claims center. Id. at 36. Ms. Yates sought defense coverage under her title insurance policy, which Chicago Title denied. Id. at 51. Prior to Chicago Title's denial, Ms. Yates emailed with a legal assistant employed by Fidelity, presumably about her claim. Id. at 38.

Ms. Yates asserts a claim of civil conspiracy, alleging that the defendants conspired to force a predatory mortgage loan onto her with hidden title defects and unauthorized electronic signature alterations.

## Discussion

Fidelity moves to dismiss for failure to state a claim because Ms. Yates's claims

arising out of disputes with her title insurer are properly directed at Chicago Title, which issued her title insurance policy and denied her claim for defense coverage. Fidelity concedes that it is the indirect corporate parent of Chicago Title. It argues, however, that Ms. Yates cannot hold it liable on that basis because she does not allege sufficient facts to pierce the corporate veil.

Ms. Yates's title insurance policy unambiguously designates Chicago Title, rather than Fidelity, as her title insurer. Further, Chicago Title, rather than Fidelity, took the actions underlying Ms. Yates's claims, including the denial of coverage. Ms. Yates explains that she named Fidelity as a defendant because it was named on electronic mail she received from Signature Escrow & Title. She contends that she relied in good faith on the branding of these documents. Ms. Yates' misunderstanding as to which company was her title insurer does not result in Fidelity's liability, because Fidelity did not engage in the conduct underlying Ms. Yates's complaint. See Bryan v. Bussiere, No. 23-cv-343-JL, 2023 WL 7690769, at *2 (D.N.H. Sept. 29, 2023) ("There are no allegations supporting any potential cause of action against the defendant. Accordingly, this case should be dismissed for failure to state a claim."), R&R adopted 2023 WL 8281610 (D.N.H. Nov. 30, 2023).

Further, there are no facts to support that Fidelity, as Chicago Title's indirect parent company, should be liable for its acts. A parent company may be liable for the actions of its subordinate, also referred to as "piercing the corporate veil," where the parent company has "used the corporate identity to promote an injustice or fraud" on the plaintiff. Norwood Grp., Inc. v. Phillips, 149 N.H. 722, 724 (2003). The facts in the

Amended Complaint, credited as true and liberally construed in Ms. Yates's favor, do not make out a promotion of an injustice or fraud on Fidelity's part. The mere appearance of Fidelity's name in email communications fails to serve as a basis to pierce the corporate veil. The title insurance policy and denial of coverage letter plainly indicated that Chicago Title was Ms. Yates's title insurer.

Accordingly, the district judge should dismiss Fidelity from this action because Ms. Yates fails to state a claim against it. To avoid prejudice to Ms. Yates, however, the district judge should allow Ms. Yates 30 days to amend her complaint to add the proper title insurer defendant. Because Fidelity should be dismissed on the basis that Ms. Yates does not allege that it engaged in the conduct underlying her claims, the court need not address Fidelity's alternative arguments, including whether Ms. Yates' allegations of a civil conspiracy claim were alleged with sufficient specificity to state a claim upon which relief might be granted.

## Conclusion

For the foregoing reasons, the district judge should grant Fidelity's motions to dismiss (Doc. No. 11 and 26) and grant leave to Ms. Yates to amend her complaint to add the proper title insurer defendant within 30 days of the adoption of this Report and Recommendation. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in written

objections to this Report and Recommendation "are subject to review in the district court," and any issues "not preserved by such objection are precluded on appeal." Id. (citations omitted).

Andrea K. Johnstone
United States Magistrate Judge

October 19, 2026

cc: Jackie F. Yates, pro se
Giles L. Krill, Esq.